**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARI DEWI and EDY DJUNAIDY, | No. 10-71224 |
| Petitioners, | Agency Nos. A089-649-853 |
| v. | A089-649-854 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Sari Dewi and Edy Djunaidy, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that petitioners established changed circumstances to excuse their untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-658 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Petitioners do not raise any argument challenging the denial of their CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

With respect to withholding of removal, Dewi alleges that she was beaten twice, that her house was stoned, and that she received repeated death threats over the phone, all on account of her Ahmadiyah Muslim faith. If these allegations are credible, substantial evidence does not support the BIA's finding that these experiences do not rise to the level of persecution. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir. 2004) ("We have consistently found persecution where, as here, the petitioner was physically harmed . . . [particularly where] such harm was inflicted on more than one occasion over a period of years, and where

the physical abuse was combined with other incidents . . . .") (internal citation omitted); *Baballah v. Ashcroft*, 367 F.3d 1067, 1076 (9th Cir. 2004).  Moreover, with respect to future persecution, substantial evidence does not support the BIA's finding that Dewi did not allege that she was specifically targeted.  *See Sael v. Ashcroft*, 386 F.3d 922, 928-29 (9th Cir. 2004) (evidence supported a "specific inference of personal danger" where petitioner's car was vandalized, she was forced to flee from a mob of rioters, and she was warned she had "better be careful").  Accordingly, we grant the petition with respect to withholding of removal and remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**